WINDOW ROCK DISTRICT COURT

May 24, 1982

No. WR-CV-52-82

RULING ON MOTION TO
TRANSFER JURISDICTION

OREN FREJO, Plaintiff, v.

AGNES BARNEY, Defendant.

Honorable Tom Tso, Judge presiding.

This is a child custody and modification of child support action in which the parties were asked to provide the court with affidavits giving factual data upon which to determine both the jurisdiction of this court and the McKinley County, New Mexico District Court. The question of tribal versus state jurisdiction with regard to members of the Navajo Tribe was discussed in detail in the court's May 12th decision.

The parties are in agreement that on September 2, 1976, when Mr. Frejo filed a petition for the dissolution of the marriage of the parties in state court, the parties and the children were in the State of New Mexico. Mr. Frejo says he lived at Zuni, and Mrs. Barney says she lived in Gallup. However it is clear that the children lived in Gallup. On November 22, 1976, when the decree of dissolution was granted, all the concerned individuals lived in Gallup. It is agreed that when this action was filed on February 11, 1982, the parents and children lived within the Navajo Nation. Mr. Frejo and Karen Frejo lived in Shiprock, and Mrs. Barney and Kurt and Kim Frejo lived in Tohatchi. Both adults are employed by the Bureau of Indian Affairs.

The court finds that there is no question as to the validity of the New Mexico divorce decree. All the necessary parties to the decree resided in New Mexico outside the outer boundaries of the Navajo Nation at the time, and indeed the respondent has properly pointed out that suit was filed in state court due to the 90 day residence requirement of the Navajo Tribal Code.

However the question of whether or not this court should decline to exercise jurisdiction depends upon the current significant contacts of the parties and the children to the Navajo Nation, and the responsibility of this court and the Navajo Nation toward the children. The main interest of the court is the protection of the childrens' interests, and the Navajo Tribal Council's findings as to the duties of the Navajo Nation toward its children with respect to the Juvenile Code are fully applicable here:

> "(E)ach child under the jurisdiction of the Tribal
> Juvenile Court shall receive, preferably in his own
> home, the care, guidance, and control that is con-

ductive to his welfare and the best interest of Tribe, the State and the United States; that family ties be preserved and strengthened whenever possible;... and the peace and security of the community and of its individual citizens be safeguarded." 9 NTC Sec. 1001.

The court concludes that there is concurrent jurisdiction with the State of New Mexico in this matter. While it is true the state court may have concurrent jurisdiction to modify its decree, the modern trend is to litigate child custody at the place of the custody of the child and to litigate child support where a decree can be readily enforced upon the body or resources of the person required to give support. Therefore this court will retain jurisdiction.

The motion is denied because of these factual matters:

1. The parties and the children reside within the Navajo Nation;

2. The parties and the children are Navajo;

3. The children attend school at Shiprock and Tohatchi, making their teachers and counsellors potential witnesses for the child custody issue;

4. There are other potential witnesses with regard to child custody, including Navajo Division of Social Welfare social workers, Public Health Service medical doctors and personnel, friends, and neighbors, co-workers, etc.;

5. The State of New Mexico has no authority to cause service of subpoenas upon member of the Navajo Tribe residing within the Navajo Nation, and many of the witnesses would fall within this category;

6. Social work reports with regard to the parties and children have already been submitted by the Navajo Division of Social Welfare, and it would not be in the best interests of the children to prolong the child custody dispute any further or cause a duplication of effort which has already been undertaken;

7. This court can make a speedy determination of the childrens' best interests, in the context and environment of Navajo culture, thereby forwarding the policies of Navajo protection of its children, tribal self-determination with respect to its members and use of a forum closest to the parties in terms of contacts.

As to the effect to be given the New Mexico decree, the respondent was quite correct that this court will honor and enforce that decree. Guardianship of Katherine Denise Chewiwi, 1 Navajo R. 120 (1977). This court wishes to discourage forum-shopping in a jurisdiction which is close to us, and therefore not only will the decree be fully enforced by this court, but it will be modified only upon the same standards set by the law of New Mexico. It was within the expectations of the parties that New Mexico law would govern the divorce, and it should also be their expectation that New Mexico law will govern the questions before this court.

Based upon the foregoing considerations, the motion to transfer jurisdiction is hereby DENIED.